## GEIGER v. LEA, State Engineer.

Whether the state engineer acted fraudulently in filing a petition for a license to appropriate water for irrigation purposes cannot be reviewed on certiorari.

Certiorari against a public officer to review proceedings incident to his office is only available to determine the question of jurisdiction.

Laws 1907, c. 180, provides for the issuance of licenses by the state engineer to appropriate water for irrigation purposes, and section 15 provides that an ordinary suit may be maintained to adjudicate conflicting water rights in any court of record. Section 19 requires that a petition for a license shall be filed with the state engineer, and section 20 declares that the date of receipt shall be indorsed on the petition, and noted in the record, and, if the application is defective, it shall be returned for correction within 30 days, and that 60 days shall be allowed for refiling, in which event the application shall take piority as to the date of original filing. Section 21 provides for publication of notice, and that proof of publica-

tion shall be filed with the state engineer within 60 days of the date
oi his instruction to make publication, and that, in case of a failure
to file such satisfactory proof, the application shall be treated as
an original application filed on the date of receipt of proofs of pub-
lication.  **Held,** that where the state engineer granted an appropria-
tion license as of the date of filing the petition, notwithstanding a
failure to file proof of publication within the time provided, such
failure did not deprive the engineer of jurisdiction; and hence his
decision as to such priority could not be reviewed on certiorari.

(Opinion filed October 12, 1910.)

Appeal from Circuit Court, Hughes County.  Hon. LYMAN
T. BOUCHER, Judge.

Certiorari by Charles Geiger against Samuel H. Lea, state
engineer.  From a judgment denying the writ, petitioner appeals.
Affirmed.

*Schrader & Lewis,* for appellant.

If in the exercise of sound judicial discretion an injured
party ought to be accorded an original writ of certiorari, it is an
abuse of authority to refuse it, and from such refusal an appeal
will lie.  State v. Chittenden, 107 N. W. 500; People v. Super-
visors, 153 N. Y. 370; Morley v. Elkins, 37 Cal. 459; Supervisors
v. Magoon, 109 Ill. 142; Welch v. County Court, 29 W. Va. 63,
1 S. E. 337; Moede v. Stearns, 43 Minn. 312, 45 N. W. 432;
6 Cyc. 839-842, and cases cited; 4 Enc. Plea. and Prac 328-330;
State v. Boyden, 18 S. D. 379.

*Chauncey L. Wood* and *Harrison E. Edwards,* for re-
spondent.

By section 23 of said chapter 180, Session Laws of 1907,
Geiger had a right of appeal, either from the award that the
defendant made him, or from the award to McMahon.  This being
the law, certiorari will not lie.  Bank v. McKee, 1 S. D. 1; State
ex rel. v. State Bank, etc., 3 S. D. 339; Parrott v. Owen, 1 S. D.
454.  If the court had no jurisdiction of the subject matter, its
judgment would be void, but the defendant would still have the
right to appeal to this court to get it out of the way.  Bank v.
McGee, Id.  If under the facts, defendant had jurisdiction to
make the award to McMahon, that he did make, then certiorari
will not lie.  American S. & L. Association v. Campbell, 8 S. D.

170. Where the statute expressly makes proof of service a condition precedent to the jurisdiction which it specially confers, proof of service must appear affirmatively of record before the board or other special tribunal can act. State v. Cary, 112 N. W. 428; State v. Graham, 19 N. W. 359; State v. Witte, 56 N. W. 475; Gibney v. Crawford, 51 Ark. 35; Foster v. Waterman, 124 Mass. 592; Ferguson v. Jones, 17 Ore. 204; Black Judgments, § 279; Freeman Judgments, § 123. The office of state engineer is created by statute and is a quasi judicial tribunal of inferior jurisdiction and like all inferior courts has no implied jurisdiction and is authorized to act judicially only by express provisions of law. 11 Cyc. 693, §§ 2 and 3, and cases cited; 11 Cyc. 771, and cases cited; Leonosia v. Bartolin, 7 S. D. 93; 24 Cyc. 594-595, and cases cited in note; Black on Judgments, §§ 232-282; 11 Cyc. 696, and cases cited. In certiorari the reviewing court is confined to the record made in the office of the state engineer. Letters, affidavits and parol evidence not a part of the record, to vary or explain the same will not be considered. Kirby v. Circuit Court, 10 S. D. 38; Master v. Everingston, N. D. 40, N. W. 733; 4 Enc. Plea. and Prac. 333.

McCOY, J. This is an appeal from an order and judgment of the circuit court refusing to grant the appellant a writ of certiorari against the respondent, as state engineer, requiring the respondent to certify and return a transcript of the record and proceedings in reference to the application of Frank E. McMahon for a permit and license to construct irrigation works and appropriate and use certain waters from Spring creek, in Pennington county, on the ground that no sufficient cause was shown why such certiorari should issue. Appellant and McMahon were both applicants for prior water right under the irrigation statute. Chapter 180, Laws 1907. Section 19 of this act provides that any person intending to acquire a right to use water subject to use for irrigation purposes shall before commencing any construction for such purpose, or before taking the same from any constructed works, make an application to the state engineer for a permit to appropriate in the form required by the rules and regulations

established by him, and that such rules and regulations shall, in addition to providing the form and manner of preparing and presenting the application, require the applicant to state the amount of water and period, or periods of annual use and all other data necessary for the proper description and limitation of the right applied for, together with such information, maps, field notes, plans, and specifications as may be necessary to show the method and practicability of the construction and the ability of the applicant to complete the same; and all such maps, field notes, plans, and specifications shall be made from actual surveys and measurements, and shall be filed in the office of the state engineer after the approval of the application. Section 20 of said act provides that the date of receipt of said application in the state engineer's office shall be indorsed thereon and noted in his records; and, if the application is defective as to form or unsatisfactory as to feasibility or safety of plan or as to showing of the applicant to carry the construction to completion, it shall be returned with a statement of the corrections, amendments, or changes required within 30 days after its receipt, and 60 days shall be allowed for the refiling thereof, and if refiled, corrected as required, within such time, the application shall, upon being accepted, take priority as of date of its original filing subject to the compliance with the further provisions of the law and the regulations thereunder. Section 21 of said act provides that upon the filing of an application which complies with the provisions of this act and the rules and regulations established thereunder, accompanied with the proper fees, the state engineer shall instruct the applicant to publish notice thereof in a form prescribed by him in some newspaper of general circulation in the stream system once a week for four consecutive weeks. Such notice shall give all essential facts as to the proposed appropriation, among them the place of appropriation and of use, amount of water, the purpose for which it is to be used, name and address of the applicant, and the time when the application will be taken up by the state engineer for consideration. Proof of publication as required shall be filed with the state engineer within 60 days from the date of his instructions

to make publication, and, in case of failure to file satisfactory proof of publication in accordance with the rules and regulations applicable thereto within the time required, the application shall be treated as an original application filed on the date of receipt of proofs of publication in proper form.   Under these provisions of the statute, on the 26th day of August, 1908, McMahon made and forwarded a defective application, without accompanying maps or specifications, to the state engineer's office at Pierre, which defective application was received and filed on August 27, 1908, by the state engineer.   This application specified the name and post-office address of the applicant, name of the diversion works, the quantity of water claimed, the source of supply, the point of diversion, the time of the annual use of such water, the purpose for which said water was to be used, the particular description of the lands to be irrigated, the estimated cost of the completion of such works, the time required to finish such work, and that notice of intention to appropriate such water would be published in the Rapid City Daily Journal.   On the 29th day of August, 1908, this application was returned to McMahon with notice as to corrections desired, and on the 10th day of September, 1908, a corrected and completed application with all maps and specifications was filed by McMahon in the engineer's office and the application approved September 18th, and McMahon instructed to make publication of notice, and the 17th day of November, 1908, was fixed by the state engineer as the time for hearing said application.   It appears that the notice of McMahon's application was duly published in the Rapid City Daily Journal for the proper length of time, and that on the 17th day of November no one appeared to protest or object to the application of McMahon's permit.   The proof of publication made by McMahon was not on file on the 17th day of November, 1908, and was not filed until the 28th day of November, 1908.   Upon the filing of such proof of publication, the respondent on the 28th day of November, 1908, issued to McMahon a permit to divert water from said Spring creek with priority from the 27th day of August, 1908, the date of the original filing of his defective application.   On the 1st day of September, 1908,

the appellant, Geiger, made application and claim to divert water from Spring creek for the purposes of irrigating lands adjoining the lands of McMahon, and the application of appellant having been approved and publication of notice having been made according to law, on the 18th day of December, 1908, a permit was issued to the appellant with priority from the 1st day of September, 1908.

The appellant seeks to review by certiorari the proceedings and records of the state engineer's office in relation to the issuing of the permit to McMahon, and attacks such record and procedure in two particulars: First, the appellant claims that on the 18th of September, 1908, the state engineer willfully, unlawfully, fraudulently, ,and contrary to law and the rules and regulations in force filed the completed application of McMahon in the office of the said engineer as of August 27, 1908, in order to give said McMahon priority over appellant; second, appellant contends that, by reason of the proof of publication not having been received or filed in the engineer's office until after 60 days had expired from the date of the instructions to publish notice, the state engineer was without jurisdiction to issue and grant to McMahon a permit having priority from August 27, 1908, but that the application of McMahon, after failure to file proof within 60 days after instructions to publish, should have been treated as an original application, filed on the 28th day of November, 1908.

The only question presented for determination is whether upon the facts stated certiorari is the proper remedy. Whether the state engineer acted fraudulently in the matter of filing McMahon's petition cannot be tried in a certiorari proceeding; the only office of a writ of certiorari in this kind of a case being to inquire into a question of jurisdiction. We are of the opinion that the order and judgment of the trial court were correct, and that no sufficient cause was shown why certiorari should issue. It will be observed that by the provisions of section 15 of this irrigation statute an ordinary suit may be maintained to adjudicate and determine conflicting water rights in any court of record in this state, and that a copy of the complaint in such action shall be

mailed to the state engineer. It occurs to us that such a suit would be an adequate and more appropriate remedy for determining the questions presented by the record in this case. McMahon, who is the real party in interest, is not a party to this certiorari proceeding, and would not be bound by any judgment entered herein. In any procedure brought to cancel his water right McMahon should be made a party. Without in any manner attempting to decide whether the state engineer committed error in granting McMahon a water right with priority from August 27, 1908, we are of the opinion that the state engineer had jurisdiction of the issuance of a water right to McMahon. The failure, if such was the case, to file proof of publication within the 60 days provided by the statute, did not have the effect to oust or deprive the engineer of jurisdiction, but only affected the character of the permit and priority of the water right to be acquired thereunder, and whether the engineer was in error in issuing the permit given to McMahon, the engineer having jurisdiction, cannot be reviewed on certiorari. We are therefore of the opinion that the state engineer had jurisdiction of the issuance of a water permit to McMahon, and that the appellant had plain and adequate remedy in the premises other than certiorari, and that the writ was properly refused.

The order and judgment appealed from are affirmed.